# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

FENGLONG ZHENG,
Petitioner,
v.

WARDEN, *California City Correctional Center*,

Respondent.

Case No. 1:26-cv-08104-JLT-EGC (HC)

**ORDER REQUIRING RESPONDENT TO FILE SUPPLEMENTAL RESPONSE**

(Doc. 1)

The Court has reviewed the parties' filings and finds that it requires further briefing. By no later than November 20, 2026, Respondent is hereby ORDERED to address if, and if so how, the due process issue presented in the present petition differs from those resolved in the Court's prior orders. *See*, *e.g.*, *Arboleda Torres v. Warden California City Immigr. Processing Ctr.*, No. 1:26-CV-06442 (VC), 2026 WL 2524293, at *1 (E.D. Cal. Aug. 26, 2026) (rejecting the government's position regarding exhaustion, finding a due process interest in petitioner's continued liberty, and rejecting the government's contention that a post-deprivation hearing would cure the due process violation in a factually analogous case); *Hernandez v. Current or Acting Warden of Cent. Valley Annex Ice Det. Facility*, No 1:26-cv-06066-VC, 2026 WL 2766944, at *2 (E.D. Cal. Sep. 17, 2026) ("Judges throughout the Ninth Circuit have repeatedly held, on facts materially similar to these, that a noncitizen who has lived at liberty for an extended duration while his immigration case proceeds—pursuant to the Government's affirmative decision not to detain him—holds a protected liberty interest in remaining free from custody, and may not be detained without pre-deprivation process.") (collecting cases); *Villanueva-Montanez v. Lyons*, No. 2:26-CV-00954,

2026 WL 797930, at *1 (E.D. Cal. Mar. 23, 2026) (finding that when a noncitizen "enter[s] the United States lawfully" and later seeks lawful immigration status, but is not detained thereafter, it vests the same liberty interest as a prior detention and release); *Anderson v. Chernut*, No. 1:26-CV-01960, 2026 WL 809990, at *2 (E.D. Cal. Mar. 24, 2026) (explaining that "the government's knowing decision not to detain an individual creates a liberty interest in their continued release"); *Gagik T. v. Chestnut*, No. 1:26-CV-04337-MWJS, 2026 WL 1837413, at *3 (E.D. Cal. June 25, 2026) (finding liberty interest where petitioner was not detained following the expiration of his B-2 Visa, applying for asylum, and receiving work authorization); *Kaur v. Chestnut*, No. 1:26-cv-05349-DC-CSK, 2026 WL 2790742, at *1 (E.D. Cal. Sept. 17, 2026) (adopting findings and recommendations, granting petition for a writ of habeas corpus on due process grounds, and ordering that the petitioner who had overstayed their visa be released immediately); *Zhou v. Warden, Cal. City Immigr. Processing Ctr.*, No. 1:26-cv-05774-DC-CSK, 2026 WL 2825584, at *1 (E.D. Cal. Sept. 21, 2026) (same); *Oliveira Tinoco v. Albarran*, No. 1:26-cv-05505-DC-CKD, 2026 WL 2949219, at *5–7 (E.D. Cal. Oct. 1, 2026) (granting motion for temporary restraining order and petition for a writ of habeas corpus on due process grounds, and ordering immediate release of petitioner who remained in United States following expiration of her visa where the Government "had recurrent notice that [the p]etitioner remained in the United States long after the expiration of her B-2 visa and corresponding status"); *Polynice v. Chestnut*, No. 1:26-CV-07674-DC-CSK (HC), 2026 WL 3072458, at *1 (E.D. Cal. Oct. 14, 2026) (granting petitioner's motion for temporary restraining order and petition for a writ of habeas corpus where petitioner was "was known to immigration authorities long before his recent detention); *Moncada v. Warden, California City Det. Ctr.*, No. 1:26-CV-07842-DJC-CSK, 2026 WL 3320743, at *2 (E.D. Cal. Nov. 3, 2026) (noting and joining "an 'increasing wave of district courts have concluded' that a 'post-hoc bond hearing' does not support 'continued detention' following a violation of Petitioner's due process rights (quoting *Orellana-Rivera v. Johnson*, No. 5:26-cv-02116-HDV-AJR, 2026 WL 1390433, at *1 (C.D. Cal. May 14, 2026))); *see also De La Garza v. Albarran*, No. 25-CV-10305, 2025 WL 3485157, at *4 (N.D. Cal. Dec. 4, 2025) (finding liberty interest where non-citizen had previously applied for legal permanent residence and completed biometrics

processing, but was detained at an ICE check-in the following year); *Kharitonova v. Alabbarn*, No. 3:26-cv-01362-JSC, 2026 WL 531441, at *2 (N.D. Cal. Feb. 25, 2026) (stating that noncitizen not previously detained by immigration authorities who had a pending asylum application at the time of her detention maintained liberty interest because "[a]lthough the government did not detain and then release her, it made a decision not to detain her in the first place; Petitioner thus has the same liberty interest in her continued freedom as an individual initially detained"); *Abdeltawab v. Armant*, No. EDCV 26-01520, 2026 WL 1045564, at *2 (C.D. Cal. Apr. 13, 2026) (finding a liberty interest for petitioners who "have never been in immigration custody in the first place due to years of deliberate acquiescence by [the government]"); *Mendoza v. Adelanto ICE Processing Center Warden*, No. 5:26-cv-02144-KES, 2026 WL 1480247, at *4 (C.D. Cal. May 22, 2026).

IT IS SO ORDERED.

Dated: **November 17, 2026**

UNITED STATES MAGISTRATE JUDGE