# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FENGLONG ZHENG,<br>Petitioner,<br>v.<br><br>WARDEN, *California City Correctional Center*,<br>Respondent. | Case No. 1:26-cv-08104-JLT-EGC (HC)<br><br>**FINDINGS AND RECOMMENDATION TO GRANT PETITION**<br><br>(Doc. 1)<br><br>**<u>SEVEN-DAY DEADLINE</u>** |

Fenglong Zheng ("Petitioner") is detained at the California City Immigration Processing Center pending the resolution of his removal proceedings. Petitioner filed the instant petition for writ of habeas corpus (Doc. 1) arguing that his detention violates due process and seeks immediate release. For the reasons that follow, the undersigned finds that Petitioner is entitled to relief on his procedural due process claim and recommends immediate release.

## I. BACKGROUND

Petitioner is a native of China who entered the United States on or about July 21, 2022 on a B2 visa. (*See* Doc. No. 1 at 1; Doc. 7-1 at 2). Petitioner did not depart from the United States upon the expiration of his authorized period of admission. (Doc. 7-1 at 2).

Since entering the United States, Petitioner applied for asylum before his parole expired. (Doc. 1 at 1; Doc. 7-1 at 2). Petitioner attended his asylum interview on May 29, 2026 for his application. (Doc. 1 at 1). Respondent did not seek to detain Petitioner after he overstayed his parole, after the filing of his asylum application, or upon his presentation for an interview. Rather, Petitioner was detained by U.S. Immigrations and Customs Enforcement ("ICE") on July 30, 2026 while he was in a car in Dickens, Texas relating to an alleged traffic stop. (Doc. 7-1 at 2).

Petitioner has no criminal history and there does not appear to be any charges that arose from the traffic stop. (Doc. 7-1). That same day, Respondent issued a Notice to Appear initiating removal proceedings. (Doc. 7-1 at 6).

After being detained, Petitioner was given a bond hearing where, pursuant to his detention under section 1226, Petitioner bore the burden of proof on whether he was a flight risk or danger to the community. (Docs. 5, 6). The Immigration Judge decided he should be detained. (Doc. 7-1 at 3). Petitioner, however, was never given a pre-deprivation bond hearing. No final order of removal has been entered.

## II. DISCUSSION

Petitioner contends he has been unlawfully detained by Respondent in violation of his due process rights. (*See* Doc. 1 No. 1 at 4–5). Respondent opposes relief on the basis that Petitioner has been granted a custody redetermination hearing pursuant to 8 U.S.C. § 1226(a) and has therefore been granted all the process Petitioner is due. (*See* Doc. 7 at 2–3). The undersigned addresses exhaustion first before turning to the merits.

### A. Exhaustion

Before a district court reaches the merits of a habeas petition challenging immigration detention, it ordinarily considers whether the petitioner has exhausted available administrative remedies. *See Castro-Cortez v. INS*, 239 F.3d 1037, 1047 (9th Cir. 2001), *abrogated on other grounds, Fernandez-Vargas v. Gonzales*, 548 U.S. 30 (2006). Exhaustion of administrative remedies may be required when "(1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007) (cleaned up). As the exhaustion requirement is prudential rather than jurisdictional, the court may use its discretion to excuse exhaustion in situations where "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury would result, or the

administrative proceedings would be void." *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004) (cleaned up).

Respondent argues that the petition should be denied based on Petitioner's prior bond hearing. (Doc. 7 at 3). Petitioner's central claim, however, "is that his detention has unconstitutionally deprived him of his right to due process from the outset." *Norberto v. Warden, Central Valley Annex*, No. 1:26-CV-04674-MWJS, 2026 WL 1992747, at *3 (E.D. Cal. July 9, 2026). That is the sort of constitutional challenge that is "beyond the competence of the [agency] to decide," *Zamorano v. Garland*, 2 F.4th 1213, 1224 (9th Cir. 2021) (cleaned up), and so the prudential exhaustion requirement does not bar review. *See Hernandez v. Sessions*, 872 F.3d 976, 988-89 (9th Cir. 2017). "[A]dministrative exhaustion would not cure the due process violation that [P]etitioner experienced when he was detained without notice or an individualized assessment." *Leon Yero v. U.S. Gen. Att'y*, No. 1:26-CV-04312, 2026 WL 1707102, at *3 (E.D. Cal. June 12, 2026).

Accordingly, the undersigned recommends waiving the exhaustion requirement here and proceeding to the merits of Petitioner's due process claim.

**B. Liberty Interest**

Judges throughout the Ninth Circuit have held, on facts materially similar to these, "that a noncitizen who has lived at liberty for an extended duration while his immigration case proceeds—pursuant to the Government's affirmative decision not to detain him—holds a protected liberty interest in remaining free from custody, and may not be detained without pre-deprivation process." *Norberto*, 2026 WL 1992747, at *4 (E.D. Cal. July 9, 2026); *see also De La Garza v. Albarran*, No. 25-CV-10305, 2025 WL 3485157, at *4 (N.D. Cal. Dec. 4, 2025) (finding liberty interest where non-citizen had previously applied for legal permanent residence and completed biometrics processing, but was detained at an ICE check-in the following year); *Villanueva-Montanez v. Lyons*, No. 2:26-CV-00954, 2026 WL 797930, at *1 (E.D. Cal. Mar. 23, 2026) (finding that when a noncitizen "enter[s] the United States lawfully" and later seeks lawful immigration status, but is not detained thereafter, it vests the same liberty interest as a prior detention and release); *Anderson v. Chernut*, No. 1:26-CV-01960, 2026 WL 809990, at *2 (E.D.

Cal. Mar. 24, 2026) (explaining that "the government's knowing decision not to detain an individual creates a liberty interest in their continued release"); *Kharitonova v. Albarran*, No. 3:26-CV-01362, 2026 WL 531441, at *2 (N.D. Cal. Feb. 25, 2026) (finding that "the government's decision not to detain Petitioner when it processed her [immigration] application, took her biometrics, ... and advised her to appear" for appointments connected with her application gave rise to a liberty interest); *Abdeltawab*, 2026 WL 1045564, at *2.

The undersigned finds that reasoning applicable here. Petitioner was expressly authorized to remain in the United States through the term of his B2 visa. Following that authorization, he continued to pursue his asylum claim with the government. In other words, although his initial permission to remain in the United States expired, Petitioner continued to engage in the immigration process after that point. By acquiescing to his continued presence in the United States, the Government vested in Petitioner a liberty interest in his continued freedom. *See Villanueva-Montanez*, 2026 WL 797930, at *1; *Anderson*, 2026 WL 809990, at *2; *Abdeltawab*, 2026 WL 1045564, at *2 (C.D. Cal. Apr. 13, 2026).

**C. *Mathews* Factors**

Having found a protected liberty interest, Petitioner is entitled to process commensurate with that interest. Many courts have applied the test established by the Supreme Court in *Mathews v. Eldridge* in considering what process is due in the immigration context. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206 (9th Cir. 2022). There are three factors relevant to the due process inquiry under the *Mathews* framework: (1) "the private interest that will be affected by the official action," (2) "the risk of an erroneous deprivation ... and the probable value, if any, of additional or substitute procedural safeguards," and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

The undersigned finds that each factor favors Petitioner here. Petitioner's interest in freedom from physical detention is weighty. *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). The risk of erroneous deprivation from seizing an asylum applicant who previously had been paroled into the country without any prior opportunity to be heard, is substantial, and the value of a pre-

deprivation hearing in reducing that risk is correspondingly high. In contrast, the Government's interest is minimal: it has identified no reason a custody hearing could not have preceded, rather than followed, Petitioner's detention, and a pre-deprivation hearing imposes only the ordinary administrative burden of a proceeding the Government must ultimately conduct under section 1226(a). Respondent offers no specific reason to conclude that post-deprivation process would suffice to cure the constitutional violation in this case, such as a criminal charge or arrest that necessitated immediate detention. *C.f. Addemys N.R. v. Warden*, 1:26-CV-03892-MWJS, 2026 WL 1831763, at *3 (E.D. Cal. June 25, 2026) (holding that post-deprivation process was constitutionally sufficient because "Petitioner was recently arrested by state law enforcement authorities on a charge of having committed a serious criminal violation").

Indeed, when the Court asked Respondent to distinguish a litany of existing case law favoring Petitioner, Respondent conceded that "the due process issue presented in the present petition does not substantively differ from the lineage of precedents cited by the Court's order of November 17, 2026." (Doc. 11; *see also* Doc. 10 (citing *Arboleda Torres v. Warden California City Immigr. Processing Ctr.*, No. 1:26-CV-06442 (VC), 2026 WL 2524293, at *1 (E.D. Cal. Aug. 26, 2026) (rejecting the government's position regarding exhaustion, finding a due process interest in petitioner's continued liberty, and rejecting the government's contention that a post-deprivation hearing would cure the due process violation in a factually analogous case); *Hernandez v. Current or Acting Warden of Cent. Valley Annex Ice Det. Facility*, No 1:26-cv-06066-VC, 2026 WL 2766944, at *2 (E.D. Cal. Sep. 17, 2026) ("Judges throughout the Ninth Circuit have repeatedly held, on facts materially similar to these, that a noncitizen who has lived at liberty for an extended duration while his immigration case proceeds—pursuant to the Government's affirmative decision not to detain him—holds a protected liberty interest in remaining free from custody, and may not be detained without pre-deprivation process.") (collecting cases); *Villanueva-Montanez*, 2026 WL 797930, at *1; *Anderson*, 2026 WL 809990, at *2; *Gagik T*, 2026 WL 1837413, at *3; *Kaur v. Chestnut*, No. 1:26-cv-05349-DC-CSK, 2026 WL 2790742, at *1 (E.D. Cal. Sept. 17, 2026) (adopting findings and recommendations, granting petition for a writ of habeas corpus on due process grounds, and ordering that the petitioner who had overstayed their visa be released

immediately); *Zhou v. Warden, Cal. City Immigr. Processing Ctr.*, No. 1:26-cv-05774-DC-CSK, 2026 WL 2825584, at *1 (E.D. Cal. Sept. 21, 2026) (same); *Oliveira Tinoco v. Albarran*, No. 1:26-cv-05505-DC-CKD, 2026 WL 2949219, at *5–7 (E.D. Cal. Oct. 1, 2026) (granting motion for temporary restraining order and petition for a writ of habeas corpus on due process grounds, and ordering immediate release of petitioner who remained in United States following expiration of her visa where the Government "had recurrent notice that [the p]etitioner remained in the United States long after the expiration of her B-2 visa and corresponding status"); *Polynice v. Chestnut*, No. 1:26-CV-07674-DC-CSK (HC), 2026 WL 3072458, at *1 (E.D. Cal. Oct. 14, 2026) (granting petitioner's motion for temporary restraining order and petition for a writ of habeas corpus where petitioner was "was known to immigration authorities long before his recent detention); *Moncada v. Warden, California City Det. Ctr.*, No. 1:26-CV-07842-DJC-CSK, 2026 WL 3320743, at *2 (E.D. Cal. Nov. 3, 2026); *De La Garza v. Albarran*, No. 25-CV-10305, 2025 WL 3485157, at *4 (N.D. Cal. Dec. 4, 2025) (finding liberty interest where non-citizen had previously applied for legal permanent residence and completed biometrics processing, but was detained at an ICE check-in the following year); *Kharitonova*, 2026 WL 531441, at *2; *Abdeltawab v. Armant*, No. EDCV 26-01520, 2026 WL 1045564, at *2 (C.D. Cal. Apr. 13, 2026) (finding a liberty interest for petitioners who "have never been in immigration custody in the first place due to years of deliberate acquiescence by [the government]"); *Mendoza v. Adelanto ICE Processing Center Warden*, No. 5:26-cv-02144-KES, 2026 WL 1480247, at *4 (C.D. Cal. May 22, 2026))).

The undersigned therefore finds that Petitioner's post-deprivation bond hearing at which Petitioner bore the burden of establishing that they were not a danger or flight risk did not comport with the requirements of due process. *See Moncada*, 2026 WL 3320743, at *2 (noting and joining "an 'increasing wave of district courts have concluded' that a 'post-hoc bond hearing' does not support 'continued detention' following a violation of Petitioner's due process rights (quoting *Orellana-Rivera v. Johnson*, No. 5:26-cv-02116-HDV-AJR, 2026 WL 1390433, at *1 (C.D. Cal. May 14, 2026)));

Accordingly, the undersigned finds that due process requires that Petitioner be released.

## III. CONCLUSION AND RECOMMENDATION

For the aforementioned reasons, the undersigned hereby RECOMMENDS that the petition for writ of habeas corpus be GRANTED and Respondent be ORDERED TO IMMEDIATELY RELEASE Petitioner. The undersigned further recommends that Respondent be permanently ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating Petitioner's arrest and detention, and a timely hearing. At any such hearing, the Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have his counsel present.[1]

Notice of Expedited Objections: Given the recommendation to grant the petition, a party may file written objections with the Court within seven (7) days of service of these Findings and Recommendations. 28 U.S.C. § 636(b)(l); Local Rule 304(b) (permitting court to set a different time). These Findings and Recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within seven (7) days after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court and serve a copy on all parties. *Id.* The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and shall not exceed fifteen (15) pages, except by leave of court with good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C). The

[1] This recommendation does not address the circumstances in which Respondent may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal, or in the event exigent or urgent circumstances arise that justify arresting and detaining Petitioner before pre-deprivation process can be provided.

parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014). This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

Dated: **November 23, 2026**

Erin Sung Castillo
UNITED STATES MAGISTRATE JUDGE